JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

NOEMI MARTE,

                             Plaintiff,

      -against-

BRIAN KEITH MOREHART and LUCAS TRUCKING
CORP.,

                             Defendants.

-----------------------------------------------------------------------X



'08 CIV 4338

PETITION FOR REMOVAL

MAY 08 2008

U.S.D.C. S.D. N.Y.
CASHIERS

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK, FOLEY SQUARE:

      Defendants, BRIAN KEITH MOREHART and LUCAS TRUCKING CORP., files this

Notice for Removal under 28 U.S.C. §§ 1141, 1446, and Federal Rules of Civil Procedure, Rule

81 (c) and Local Rule 81.1 and respectfully shows the Court:

      A.    These defendants are requesting removal to the above Court in the above-entitled

action.

      B.    The above-entitled action was commenced in the Supreme Court of the State of

New York, County of Bronx by plaintiff's counsel, on or about October 11, 2007, under Index

No:301710/07, pursuant to CPLR Section 304 and is now pending in that Court, upon

information and belief, annexed hereto as Exhibit "A", is a copy of plaintiff's Summons and

Complaint and Amended Complaint.

      C.    The above-mentions action is a Supreme Court action for personal injuries allegedly

sustained in a motor vehicle accident.

      D.    The action is one of which the United States District Courts are given original

jurisdiction under 28 U.S.C. §1332(a) by reason of the diversity of citizenship of the parties.

E.    The amount of controversy in the action, exclusive of interest and costs, exceeds $75,000.00. annexed hereto as Exhibit "B" is a copy of plaintiff's ad damnum response and bill of particulars.

F.    Thirty (30) days have not yet expired since the action thereby became removable to this Court.   This defendant received the ad damnum response on April 15, 2008 and the bill of particulars on April 28, 2008.

G.    At the time of commencement of this action and upon information and belief, defendant BRIAN KEITH MOREHART is a citizen of Pennsylvania and defendant LUCAS TRUCKING, CORP.'s principle place of business is in Pennsylvania, annexed as Exhibit "C" is a copy of the police report.

H.    Copies of all discovery responses served on petitioner in this action are attached and marked as Exhibit "D", as well as the defendants' answer and answer to the amended complaint.

I.    The Summons and Complaint was first received by the removing defendants, upon information and belief, on or about October 30, 2007.

J.    This petition is timely within the meaning of 28 U.S.C. 1446 (b).

K.    That promptly after filing this petition of removal the defendant's shall give written notice of the removal to the plaintiff through his attorney of record in the State action.

That this petition of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, these defendants' request that the above-entitled action be removed from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York.

Dated: New York, New York
May 7, 2008

LAW OFFICE OF JOHN P. HUMPHREYS

BY: FREDERICK D SCHMIDT JR (FDS 8821)
Attorneys for Defendant
**BRIAN KEITH MOREHART and
LUCAS TRUCKING CORP.**
485 Lexington Avenue, 7th Floor
New York, NY 10017
(917) 778-6600
Matter No.: 0910279

TO:

Mitchell Franzblau, Esq.
BELOVIN & FRANZBLAU, LLP
Attorneys for Plaintiff
2311 White Plains Road
Bronx, New York 10467
(718) 655-2900

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------X
NOEMI MARTE,

                              Plaintiff(s),

          - against -
BRIAN KEITH MOREHART 1|5|5|5
BRIAN KEITH HEREHART and LUCAS TRUCKING
CORP.,


                              Defendant(s).
-------------------------------------X
To the above named Defendant(s)

Index No: 301710/07
          (10/11)
Plaintiff designates
Bronx County
the place of trial

The basis of venue is
plaintiff's residence

**SUMMONS**

Plaintiff resides at:
975 Walton Avenue
Bronx, New York 10452

     You are hereby summoned to answer the complaint in this action and
to serve a copy of your answer, or, if the complaint is not served with
this summons, to serve a notice of appearance, on the Plaintiff's
Attorneys within 20 days after the service of this summons, exclusive of
the date of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the complaint.

Dated:  Bronx, New York
        September 28, 2007

                              Yours, etc.,

                              Mitchell Franzblau, Esq.
                              BELOVIN & FRANZBLAU, LLP
                              Attorneys for Plaintiff(s)
                              Office & P. O. Address
                              2311 White Plains Road
                              Bronx, New York 10467-8106
                              (718) 655-2900

Defendants' Address:
Brian Keith Herehart
111 High Street
East Trout Run, PA 13771
Lucas Trucking Corp.
4657 N Route 220 Highway
Jersey Shore, PA 17740

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------X
NOEMI MARTE,

                                              VERIFIED COMPLAINT

                          Plaintiff(s),      Index No:

            -against-

BRIAN KEITH HEREHART and LUCAS TRUCKING
CORP.,

                          Defendant(s).
---------------------------------------X

     Plaintiff, by and through her attorneys, BELOVIN & FRANZBLAU,

as and for a Verified Complaint, respectfully alleges as follows:

1.    That at all the times herein mentioned, the plaintiff,

was, and still is, a resident of the City and State of New York,

County of Bronx.

2.    That at all the times herein mentioned, upon information

and belief, the defendant, BRIAN KEITH HEREHART, was and still is,

a resident of the City of Trout Run, State of Pennsylvania, County

of Lycoming.

3.    That at all the times herein mentioned, upon information

and belief, the defendant, LUCAS TRUCKING CORP., was, and still is,

a foreign corporation, or other entity duly licensed to transact

business in the City and State of New York.

4.    At all times herein mentioned, upon information and

belief, the defendant, LUCAS TRUCKING CORP., was the owner of a

certain motor vehicle, to wit: a 2003 Freightliner bearing license plate number AE36839 of the State of Pennsylvania.

5. At all times herein mentioned, upon information and belief, the defendant, BRIAN KEITH HEREHART, with the permission and consent of the owner, defendant, LUCAS TRUCKING CORP., was the operator of a certain motor vehicle, to wit: a 2003 Freightliner bearing license plate AE36839 of the State of Pennsylvania.

6. At all times herein mentioned, upon information and belief, the plaintiff, NOEMI MARTE, was a passenger in a 2007 Infinity owned by Gyory Nicholas and operated by Cynthia Stinzlano, bearing license plate number DZL4056 of the State of New York.

7. At all the times herein mentioned, Ellis Avenue and Cross Bronx Expressway, in the City and State of New York, County of Bronx, New York, was, and still is, a public thoroughfare, intended for the use of motor vehicles and others.

8. On or about the 17th day of May, 2007, at the aforesaid location, the aforesaid vehicles were caused to collide as a result of the negligence of the defendants causing plaintiff, NOEMI MARTE, to sustain severe, serious and permanent personal injuries.

9. That the negligence of the defendants consisted among other things in owning, operating and controlling their motor vehicles in a reckless and careless manner and in such a manner as to cause the accident herein; in operating the vehicles with

- 2 -

defective brakes, or if same were not defective, in failing and omitting to apply brakes in time to avoid the happening of this accident; in failing and omitting to obey and abide by the rules, regulations, statutes, laws and ordinances applicable hereto and in that the defendants were otherwise reckless, careless and negligent so that solely and wholly as a result of their negligence, the accident was caused to and did occur and plaintiff sustained the injuries hereinafter described and set forth.

10. That the plaintiff, NOEMI MARTE, sustained a serious injury as defined in the Insurance Law and/or suffered economic loss greater than basic economic loss as defined in the Insurance Law of the State of New York.

11. That by reason of the foregoing, the plaintiff, NOEMI MARTE, sustained severe, serious and permanent physical, mental and emotional injuries and upon information and belief, all said injuries are permanent in nature; and upon information and belief, will in the future be confined to bed and home; has been, is and, upon information and belief, will in the future be unable to attend to usual duties and routine; has been, is and, upon information and belief, will in the future be sick, sore, lame and disabled and was otherwise damaged.

12. That the plaintiffs hereby plead the exceptions to the limitations on the liability of jointly liable parties set forth in

- 3 -

BELDVIN & FRANZBLAU, LLP

CPLR 1602 subsection 1-11 including, but not limited to, the fact that the defendants herein acted knowingly, intentionally and with reckless disregard to the safety of others.

13. By reason of the foregoing, the plaintiff, NOEMI MARTE, has been damaged in a sum exceeding the jurisdictional limits of all lower Courts.

WHEREFORE, plaintiffs demand judgment against the defendants jointly and severally in a sum exceeding the jurisdictional limits of all lower Courts, together with such other and further relief as this Court may seem just and proper.

Dated:  Bronx, New York
        September 28, 2007

Yours, etc.,

Mitchell Franzblau, Esq.
BELOVIN & FRANZBLAU
Attorneys for Plaintiff(s)
Office & P. O. Address
2311 White Plains Road
Bronx, New York 10467-8106
(718) 655-2900

## VERIFICATION

State of New York)

                    ss:

County of Bronx  )

Noemi Marte, being duly sworn, deposes and says:  That (s)he is the plaintiff in these proceedings; that (s)he has read and knows the contents of the above VERIFIED COMPLAINT and that the same is true to her/his own knowledge except as to the matter therein stated to be alleged upon information and belief, as to those matter, (s)he believes them to be true.

_Noemi Marte_

Noemi Marte

Sworn to before me on
September 28, 2007

Notary Public

LAURA PANISSIDI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01PA6017882
QUALIFIED IN BRONX COUNTY
COMMISSION EXPIRES SEPTEMBER 13, 2009

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
=============================================================

NOEMI MARTE,

Plaintiff(s),

-against-

BRIAN KEITH HEREHART and LUCAS TRUCKING CORP.,

Defendant(s).

---

## SUMMONS AND VERIFIED COMPLAINT

---

**Belovin & Franzblau, L.L.P.**
*Attorneys for Plaintiff(s)*
2311 White Plains Road
Bronx, NY 10467
718-655-2900

TO:

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX

NOEMI MARTE

Index # 301710/07

Plaintiff(s)    Docket Number: 512188

- against -

BRIAN KEITH HEREHART ET ANO

Defendant(s)    Notice Pursuant
to Section 307
of the Business
Corporation Law
of the State of
New York

Please take notice that, pursuant to the provisions of Section 307 of the Business Corporation Law of the State of New York, the legal document in the above entitled action was served upon you by service upon the Secretary of State of the State of New York. As your agent for such service, by delivering to and leaving with a person authorized by said secretary of state to receive such service, at the office of the Department of State in the City of Albany, State of New York, on October 18, 2007, a copy of the summons herein with the statutory fee of forty dollars ($40.00) and

Please take further notice that I am sending you herewith, by registered mail, a copy of said process, in this above captioned action.

Dated  October 22, 2007
New York, New York

BELOVIN & FRANZBLAU
2311 WHITE PLAINS ROAD
BRONX, NY 10467 8106
Tel: 718-655-2000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No:  301710/07

------------------------------------------X

NOEMI MARTE,

Plaintiff designates
Bronx County
the place of trial

                              Plaintiff(s),

        - against -

The basis of venue is
plaintiff's residence

BRIAN KEITH MOREHART and LUCAS TRUCKING
CORP.,

AMENDED SUMMONS

Plaintiff resides at:
975 Walton Avenue
Bronx, New York 10452

                      Defendant(s).

------------------------------------------X

To the above named Defendant(s)

     You are hereby summoned to answer the complaint in this action and
to serve a copy of your answer, or, if the complaint is not served with
this summons, to serve a notice of appearance, on the Plaintiff's
Attorneys within 20 days after the service of this summons, exclusive of
the date of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the complaint.

Dated:  Bronx, New York
        April 17, 2008

                                Yours, etc.,

                                Mitchell Franzblau, Esq.
                                **BELOVIN & FRANZBLAU, LLP**
                                Attorneys for Plaintiff(s)
                                Office & P. O. Address
                                2311 White Plains Road
                                Bronx, New York 10467-8106
                                (718) 655-2900

Defendants' Address:
**Brian Keith Morehart**
111 High Street
East Trout Run, PA 13771
**Lucas Trucking Corp.**
4657 N Route 220 Highway
Jersey Shore, PA 17740

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
NOEMI MARTE,                                    AMENDED VERIFIED
                                                COMPLAINT
                        Plaintiff(s),
                                                Index No:
            -against-

BRIAN KEITH MOREHART and LUCAS TRUCKING
CORP.,

                        Defendant(s).
------------------------------------------X

Plaintiff, by and through her attorneys, BELOVIN & FRANZBLAU,

as and for a Verified Complaint, respectfully alleges as follows:

1) That at all the times herein mentioned, the plaintiff,

was, and still is, a resident of the City and State of New York,

County of Bronx.

2. That at all the times herein mentioned, upon information

and belief, the defendant, **BRIAN KEITH MOREHART**, was and still is,

a resident of the City of Trout Run, State of Pennsylvania, County

of Lycoming.

3. That at all the times herein mentioned, upon information

and belief, the defendant, **LUCAS TRUCKING CORP.**, was, and still is,

a foreign corporation, or other entity duly licensed to transact

business in the City and State of New York.

4. At all times herein mentioned, upon information and

belief, the defendant, **LUCAS TRUCKING CORP.**, was the owner of a

certain motor vehicle, to wit: a 2003 Freightliner bearing license plate number AE36839 of the State of Pennsylvania.

5.    At all times herein mentioned, upon information and belief, the defendant, **BRIAN KEITH MOREHART**, with the permission and consent of the owner, defendant, **LUCAS TRUCKING CORP.**, was the operator of a certain motor vehicle, to wit: a 2003 Freightliner bearing license plate AE36839 of the State of Pennsylvania.

6.    At all times herein mentioned, upon information and belief, the plaintiff, **NOEMI MARTE**, was a passenger in a 2007 Infinity owned by Gyory Nicholas and operated by Cynthia Stinzlano, bearing license plate number DZL4056 of the State of New York.

7.    At all the times herein mentioned, Ellis Avenue and Cross Bronx Expressway, in the City and State of New York, County of Bronx, New York, was, and still is, a public thoroughfare, intended for the use of motor vehicles and others.

8.    On or about the 17th day of May, 2007, at the aforesaid location, the aforesaid vehicles were caused to collide as a result of the negligence of the defendants causing plaintiff, **NOEMI MARTE**, to sustain severe, serious and permanent personal injuries.

9.    That the negligence of the defendants consisted among other things in owning, operating and controlling their motor vehicles in a reckless and careless manner and in such a manner as to cause the accident herein; in operating the vehicles with

- 2 -

defective brakes, or if same were not defective, in failing and omitting to apply brakes in time to avoid the happening of this accident; in failing and omitting to obey and abide by the rules, regulations, statutes, laws and ordinances applicable hereto and in that the defendants were otherwise reckless, careless and negligent so that solely and wholly as a result of their negligence, the accident was caused to and did occur and plaintiff sustained the injuries hereinafter described and set forth.

10. That the plaintiff, **NOEMI MARTE**, sustained a serious injury as defined in the Insurance Law and/or suffered economic loss greater than basic economic loss as defined in the Insurance Law of the State of New York.

11. That by reason of the foregoing, the plaintiff, **NOEMI MARTE**, sustained severe, serious and permanent physical, mental and emotional injuries and upon information and belief, all said injuries are permanent in nature; and upon information and belief, will in the future be confined to bed and home; has been, is and, upon information and belief, will in the future be unable to attend to usual duties and routine; has been, is and, upon information and belief, will in the future be sick, sore, lame and disabled and was otherwise damaged.

12. That the plaintiffs hereby plead the exceptions to the limitations on the liability of jointly liable parties set forth in

- 3 -

CPLR 1602 subsection 1-11 including, but not limited to, the fact that the defendants herein acted knowingly, intentionally and with reckless disregard to the safety of others.

13. By reason of the foregoing, the plaintiff, **NOEMI MARTE**, has been damaged in a sum exceeding the jurisdictional limits of all lower Courts.

WHEREFORE, plaintiffs demand judgment against the defendants jointly and severally in a sum exceeding the jurisdictional limits of all lower Courts, together with such other and further relief as this Court may seem just and proper.


Dated:    Bronx, New York
          April 17, 2008

                                    Yours, etc.,


                                    Mitchell Franzblau, Esq.
                                    **BELOVIN & FRANZBLAU**
                                    Attorneys for Plaintiff(s)
                                    Office & P. O. Address
                                    2311 White Plains Road
                                    Bronx, New York 10467-8106
                                    (718) 655-2900

<u>VERIFICATION</u>

State of New York)

                  ss:

County of Bronx  )

    **Noemi Marte**, being duly sworn, deposes and says:  That (s)he

is the plaintiff in these proceedings; that (s)he has read and

knows the contents of the above **AMENDED VERIFIED COMPLAINT** and that

the same is true to her/his own knowledge except as to the matter

therein stated to be alleged upon information and belief, as to

those matter, (s)he believes them to be true.

                                _Noemi Marte_

                                Noemi Marte

Sworn to before me on
April 17, 2008

_____
Notary Public

LAURA PANISSIDI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01PA5017882
QUALIFIED IN BRONX COUNTY
COMMISSION EXPIRES SEPTEMBER 13, 2009

# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NOEMI MARTE,

                        Plaintiff(s),

            -against-

BRIAN KEITH HEREHART and LUCAS TRUCKING
CORP.,

                        Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**RESPONSE TO DEMAND**
**PURSUANT TO CPLR**
**3017(c)**

Index No: 30171-2007

     Plaintiff, by and through her attorneys, BELOVIN & FRANZBLAU,

as and for her response to defendants' Demand Pursuant to CPLR

3017(c), sets forth as follows:

     Plaintiff demands ONE MILLION ($1,000,000.00) DOLLARS in

damages.

Dated:  Bronx, New York
       April 10, 2008

                       Yours, etc.,

                       Mitchell Franzblau, Esq.
                       **BELOVIN & FRANZBLAU, LLP**
                       Attorneys for Plaintiff(s)
                       2311 White Plains Road
                       Bronx, New York 10467-8106
                       (718) 655-2900

TO:  LAW OFFICE OF JOHN P. HUMPHREYS
      Attorneys for Defendant(s)
      485 Lexington Avenue, 7th Floor
      New York, NY 10017
      (917) 778-6600

LAW OFFICE OF
JOHN P. HUMPHREYS
APR 15 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------X
NOEMI MARTE,                                    VERIFIED BILL OF
                                                PARTICULARS
                        Plaintiff(s),
                                                Index No: 30171-2007
            -against-

BRIAN KEITH MOREHART and LUCAS TRUCKING
CORP.,

                        Defendant(s).
-------------------------------------------X

Plaintiff, by and through her attorneys, BELOVIN & FRANZBLAU, LLP, as and for a Verified Bill of Particulars to the defendants, respectfully sets forth as follows:

1.    Date and time of occurrence:  The within accident occurred on the 17th day of May, 2007 at approximately 8:10 a.m.

2.    Location of occurrence:  The within accident occurred on the Cross Bronx Expressway Service road at the intersection with Ellis Avenue in the City and State of New York, County of Bronx.

3., 4. and 5.  See attached police report for the identity of the owners and operators of each vehicle, each vehicles make, model and plate number and the direction of travel of each vehicle.

6.    Upon information and belief, the vehicle in which plaintiff was a passenger was stopped at a traffic light when struck in the rear by defendants' vehicle.

LAW OFFICE OF
JOHN P. HUMPHREYS
APR 28 2008

7.    The accident herein occurred wholly and solely through the carelessness, recklessness and negligence of the defendants in their ownership, management, operation, maintenance and control of their motor vehicle in that defendants failed and neglected to apply the brakes and if not; in failing to keep the brakes and steering mechanism in suitable repair; in failing to make periodic inspections of the motor vehicle in order to discover a dangerous and defective condition in the functioning of the brakes and steering mechanism; in failing to give signal, notice or warning of the occurrence; in operating the motor vehicle at a highly excessive rate of speed, indicating the defendants' total disregard for the safety of the public at large and particularly the plaintiff; in failing to obey and abide by the rules, laws, regulations, statutes and ordinances applicable herein; in failing to exercise that degree of care, caution and prudence reasonably necessary under similar circumstances and that the defendants were otherwise negligent in the use of their motor vehicle.    The defendant was further negligent in traveling too closely and too rapidly behind the vehicle in front of them and in striking the vehicle in front of them in the rear.

8.    Upon information and belief, as a result of the negligence of the defendants, the plaintiff sustained the following injuries:

- 2 -

a)   left foraminal disc herniation at L3-4 with associated annular signal with annular tear;

b)   proximal left neuro-foraminal narrowing at L3-4;

c)   right para-central disc herniation with ridging at C7-T1;

d)   straightening to the normal lordotic curvature of the cervical spine;

e)   cervicalgia;

f)   left shoulder tendinitis;

g)   thoracic pain;

h)   lumbar pain; and

i)   right shoulder pain.

All of the above injuries affected all surrounding tissues, nerves, ligaments, bones, blood vessels, skin and all said injuries caused swelling, loss of motion, limitation of motion, pain, suffering, loss of enjoyment of life and discoloration and scarring. Upon information and belief, all of the above injuries are permanent in nature.

Plaintiff received treatment from the following:

Pelham Physical Medicine Diagnostic & Treatment Center
2118 Williamsbridge Road
Bronx, New York 10461

Various dates of treatment currently unknown to plaintiff, however, are maintained with the doctors' charts.

- 3 -

Montefiore Medical Center
111 East 210th Street
Bronx, New York 10467

Emergency Room Treatment on date of within accident.

9.    a)    To be provided.

b)    To be provided.

c)    As a result of the negligence of the defendants, the plaintiff was confined to the emergency room of the Montefiore Medical Center on the date of the within accident.

10.    a)    Date of Birth:   6/23/1972; balance of demand is improper.

b) - f)    Plaintiff is employed as an Administrative Assistant with Monroe College.   Lost Earnings:  Not applicable, no claim for lost wages.

g)    Not applicable.

11.    a)    Hospital Expenses:

Montefiore Medical Center:   approximately $500.00.

b)    X-Rays:

Approximately $2,000.00.

c)    Physician Services:

Approximately $2,500.00 and continuing.

d)    Nurses' Services:

None claimed at present.

e)    Medical Supplies:

None claimed at present.

f)    Loss of Earnings: None claimed.

g)    Other:

None claimed at present.

12.    Plaintiff sustained a serious injury in that the injury resulted in a permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system and medically determined injury or impairment of a non-permanent nature which prevents the plaintiff from performing substantially all of the material acts which constitute plaintiff's usual and customary daily activities for not less than ninety days during the one hundred and eighty days immediately following the occurrence of the injury or impairment.

13.    Plaintiff resides at 975 Walton Avenue, Bronx, New York 10452.

14.    Plaintiff will allege violations of the Vehicle and Traffic Law applicable hereto all of which the Court will take judicial notice of at the time of trial of the within matter.

Dated:    Bronx, New York
          April 22, 2008

                          Yours, etc.,

                          _____
                          Mitchell Franzblau, Esq.
                          **BELOVIN & FRANZBLAU, LLP**
                          Attorneys for Plaintiff(s)
                          2311 White Plains Road
                          Bronx, New York 10467-8106
                          (718) 655-2900

TO:    LAW OFFICE OF JOHN P. HUMPHREYS
       Attorneys for Defendant(s)
       485 Lexington Avenue, 7th Floor
       New York, NY 10017
       (917) 778-6600

## VERIFICATION

State of New York)
                              ss:
County of Bronx  )

   **Noemi Marte**, being duly sworn, deposes and says:  That (s)he

is the plaintiff in these proceedings; that (s)he has read and

knows the contents of the above **VERIFIED BILL OF PARTICULARS** and

that the same is true to her/his own knowledge except as to the

matter therein stated to be alleged upon information and belief, as

to those matter, (s)he believes them to be true.

_____
Noemi Marte

Sworn to before me on
April 22, '2008

_____
Notary Public

LAURA PANISSIDI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01PA5017882
QUALIFIED IN BRONX COUNTY
COMMISSION EXPIRES SEPTEMBER 13, 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
NOEMI MARTE,                            **RESPONSE TO DEMANDS**

                        Plaintiff(s),    Index No.: 30171-2007

            -against-

**BRIAN KEITH MOREHART and LUCAS TRUCKING
CORP.**

                        Defendant(s).
----------------------------------------X

        Plaintiff, by and through her attorneys, BELOVIN & FRANZBLAU,
responding to the demands of the defendants, sets forth as follows:

### Witness Information

        Witness information to be provided under separate cover.

### Expert Witness Information

        Expert witness information to be provided under separate
cover.

### Statements

        None in plaintiff's possession.

### Medical Information

        See attached medical records and reports from Pelham Physical
Medicine, Montefiore Medical Center and Inter County Imaging along
with authorizations to obtain plaintiff's medical records from
same.

### Photographs

        None currently in plaintiff's possession.

## Lien Information

Improper demand.

### Demand for Income Tax Returns

Improper demand.

### Demand for Collateral Source

None.

Dated:   Bronx, New York
         April 22, 2008              Yours, etc.,

                                     _____
                                     Mitchell Franzblau, Esq.
                                     **BELOVIN & FRANZBLAU, LLP**
                                     Attorneys for Plaintiff(s)
                                     2311 White Plains Road
                                     Bronx, New York 10467-8106
                                     (718) 655-2900

TO:   LAW OFFICE OF JOHN P. HUMPHREYS
      Attorneys for Defendant(s)
      485 Lexington Avenue, 7th Floor
      New York, NY 10017
      (917) 778-6600

# EXHIBIT "C"

**New York State Department of Motor Vehicles**
**POLICE ACCIDENT REPORT (NYC)**
MV-104AN (6/04)

Page _1_ of _1_ Pages

Precinct **043**

Accident No. **1144**

Complaint Number

☐ **AMENDED REPORT**

| Accident Date | | | Day of Week | Military Time | No. of Vehicles | No. Injured | No. Killed | Not Investigated at Scene ☐ | Left Scene | Police Photos |
|---|---|---|---|---|---|---|---|---|---|---|
| Month **5** | Day **17** | Year **07** | **Thur** | **0856** | **2** | **Ø** | **Ø** | Reconstructed ☐ | ☐ | ☐ Yes ☐ No |

**VEHICLE 1**  ☐ VEHICLE 2  ☐ BICYCLIST  ☐ PEDESTRIAN  ☐ OTHER PEDESTRIAN

| VEHICLE 1 - Driver License ID Number **446 304 339** | State of Lic. **NY** | VEHICLE 2 - Driver License ID Number **22 997 113** | State of Lic. **PA** |
|---|---|---|---|
| Driver Name - exactly as printed on license **Stinziano, Cynthia, E** | | Driver Name - exactly as printed on license **Brian keith Morehart** | |
| Address (Include Number & Street) **2202 wickham Ave** | Apt. No. | Address (Include Number & Street) **111 High st P.O. BOX 121** | Apt. No. |
| City or Town **Bronx** | State **NY** Zip Code **10469** | City or Town **R Trout Run** | State **PA** Zip Code **17771** |

| Date of Birth Month **2** Day **116** Year **69** | Sex **F** | Unlicensed ☐ | No. of Occupants **3** | Public Property Damaged ☐ | Date of Birth Month Day Year | Sex | Unlicensed ☐ | No. of Occupants **1** | Public Property Damaged ☐ |
|---|---|---|---|---|---|---|---|---|---|

| Name—exactly as printed on registration **Nicholas Gyory** | Sex **M** | Date of Birth Month Day Year | Name—exactly as printed on registration **Lucas Trucking Corp** | | Date of Birth Month Day Year |
|---|---|---|---|---|---|
| Address (Include Number & Street) **2202 wickham Ave** | Apt. No. | Haz. Mat. Code | Released | Address (Include Number & Street) **9657 N Rt 220 Hwy** | Apt. No. | Haz. Mat. Code | Released |
| City or Town **Bx** | State **NY** | Zip Code | | City or Town **Jersey Shore** | State **PA** | Zip Code **17740** |

| Plate Number **DZ L 4056** | State of Reg. **NY** | Vehicle Year & Make **07 Infiniti** | Vehicle Type **4DSD** | Ins. Code | Plate Number **AE 36839** | State of Reg. **PA** | Vehicle Year & Make **03 Freightliner** | Vehicle Type | Ins. Code |
|---|---|---|---|---|---|---|---|---|---|

Ticket/Arrest Number(s)

Violation Section(s)

---

| Check if involved vehicle is: | Check if involved vehicle is: | Circle the diagram below that describes the accident, or draw your own diagram in space #9. Number the vehicles. |
|---|---|---|
| V ☐ more than 95 inches wide; E ☐ more than 34 feet long; H ☐ operated with an overweight permit; I ☐ operated with an overdimension permit. | V ☐ more than 95 inches wide; E ☐ more than 34 feet long; H ☐ operated with an overweight permit; I ☐ operated with an overdimension permit. | |

**VEHICLE 1 DAMAGE CODES**

Box 1 - Point of Impact **1**
Box 2 - Most Damage **8**
Enter up to three more Damage Codes **3** **4** **5**
**5**

Vehicle Towed: By
To

**VEHICLE 2 DAMAGE CODES**

Box 1 - Point of Impact **1**
Box 2 - Most Damage **2**
Enter up to three more Damage Codes **3** **4** **5**

Vehicle Towed: By **Brothers Towing**
To **222nd + Gribbin**

**ACCIDENT DIAGRAM**

**VEHICLE DAMAGE CODING:**

1-13. SEE DIAGRAM ON RIGHT.
14. UNDERCARRIAGE   17. DEMOLISHED
15. TRAILER          18. NO DAMAGE
16. OVERTURNED       19. OTHER

Cost of repairs to any one vehicle will be more than $1000.
☐ Unknown/Unable to Determine   ☒ Yes   ☐ No

| Reference Marker | Coordinates (if available) Latitude/Northing: | Place Where Accident Occurred: ☒ BRONX ☐ KINGS ☐ NEW YORK ☐ QUEENS ☐ RICHMOND |
|---|---|---|
| | | Road on which accident occurred **c/o Ellis + Cross Bx Expressway** (Route Number or Street Name) **(Service Rd)** |
| | Longitude/Easting: | at 1) intersecting street ___ (Route Number or Street Name) |
| | | or 2) ___ Feet ___ Miles ☐ N ☐ S ☐ E ☐ W of ___ (Milepost, Nearest Intersecting Route Number or Street Name) |

Accident Description/Officer's Notes **veh #1 states that traffic light turned red when she stopped, and veh #2 crashed into her car from behind. veh #2 states that traffic signal was flashing (yellow) when veh #1 stopped short causing him to rear end veh #1.**

| 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | BY | TO | 18 | Names of all involved | Date of Death Only |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | | | | | | | | | | | | | | |
| B | | | | | | | | | | | | | | |
| C | | | | | | | | | | | | | | |
| D | | | | | | | | | | | | | | |
| E | | | | | | | | | | | | | | |
| F | | | | | | | | | | | | | | |

| Officer's Rank and Signature **P.O.** | Tax ID No. **939300** | NCIC No. **03030** | Precinct **043** | Post/Sector | Reviewing Officer | **ENT'D MAY 18 2007** | Date/Time Reviewed |
|---|---|---|---|---|---|---|---|
| Print Name in Full **P.O. Reyes** | | | | | | | |

PERSONS KILLED OR INJURED IN ACCIDENT (Letter designation of persons killed or injured must correspond with letter designation on front).

| Last Name | First | M.I. | D Last Name | First | M.I. |
|---|---|---|---|---|---|
| Address | | | Address | | |

| Date of Birth | | | Telephone (Area Code) | Date of Birth | | | Telephone (Area Code) |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | ( ) | Month | Day | Year | ( ) |

| Last Name | First | M.I. | E Last Name | First | M.I. |
|---|---|---|---|---|---|
| Address | | | Address | | |

| Date of Birth | | | Telephone (Area Code) | Date of Birth | | | Telephone (Area Code) |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | ( ) | Month | Day | Year | ( ) |

Highway Dist. at Scene? ☐ Yes ☐ No
Name:

| Last Name | First | M.I. |
|---|---|---|
| Address | | |

| Date of Birth | | | Telephone (Area Code) |
|---|---|---|---|
| Month | Day | Year | ( ) |

Shield No.

**ENTER INSURANCE POLICY NUMBER FROM INSURANCE IDENTIFICATION CARD, EXPIRATION DATE (IN ALL CASES), AND VIN.**

Vehicle No. 1 _1003849_

Expiration Date _6-27-07 FD 5-2008_

VIN _JNKBV61F57M816428_

Vehicle No.2 _TF454423_

Expiration Date _7-01-07_

VIN _1FUJAHCG03LK75646_

WITNESS (Attach separate sheet, if necessary)
Name                          Address                          Phone

DUPLICATE COPY REQUIRED FOR:

☐ Dept. of Motor Vehicles (if anyone is killed/injured)
☐ Motor Transport Division (P.D. vehicle involved)
☐ NYC Taxi & Limousine Comm. (If a Licensed taxi or limousine involved)
☐ Other City Agency (Specify)

☐ Office of Comptroller (if a City vehicle involved)
☐ Personnel Safety Unit (If a P.D. vehicle involved)
☐ Highway Unit _____

NOTIFICATIONS: (Enter name, address, and relationship of friend or relative notified. If aided person is unidentified, list Missing Person Squad member who was notified. In either case, give date and time of notification.)

PROPERTY DAMAGED (other than vehicles)

OWNER OF PROPERTY (include city agency, where applicable)

IF NYPD VEHICLE IS INVOLVED:

| Police Vehicle–Operator's First Name | Last Name | Rank | Shield No. | Tax ID. No. | Command |
|---|---|---|---|---|---|

| Make of Vehicle | Year | Type of Vehicle | Plate No. | Dept. Vehicle No. | Assigned To What Command |
|---|---|---|---|---|---|

Equipment in Use At Time of Accident.
☐ Siren  ☐ Horn  ☐ Turret Light  ☐ 4-Way Flasher  ☐ High-Level Warning Lights  ☐ Traffic Cones  ☐ Headlights

ACTIONS OF POLICE VEHICLE:

☐ Responding to Code Signal _____
☐ Pursuing Violator
☐ Other (Describe) _____

☐ Complying with Station House Directive
☐ Routine Patrol

MV-104AN (5/04)

# EXHIBIT "D"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
NOEMI MARTE,

                 Plaintiff(s),

       -against-

BRIAN KEITH MOREHART and LUCAS TRUCKING
CORP.,

             Defendant(s).
------------------------------------------X

**COMBINED DEMAND
FOR DISCOVERY
AND INSPECTION**

Index No: 30171-07

    **PLEASE TAKE NOTICE** that demand is hereby made upon you, pursuant to CPLR Article 31 to provide the undersigned, within 20 days of the date of this demand, with the following:

    1.   Any **statement**, either written or a transcript of any oral statement, made or taken from any party or his/her or its agents, servants or employees, represented by BELOVIN & FRANZBLAU, LLP, in your possession, custody or control or in the possession, custody or control of any party represented by you, and his, her or its agents, servants or employees, pursuant to CPLR 3101(e). If none, so state, under oath.

    2.   Any **insurance** agreement under with any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment, including, but not limited to, any excess insurance or

reinsurance, pursuant to CPLR 3101(f). A copy of the entire insurance contract is required. If none, so state, under oath. If defendant is self insured, so state and set forth a copy of and the amount any bond of self insurance.

      a)  If applicable, indicate the number, if any, of claims made against the aforementioned insurance coverage, the amount sought in each claim and any amount already paid under the policy. If not, so state.

    3.  Any written **report** of the accident giving rise to the above entitled action prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity, in the possession, custody or control of the defendants, their insurer, or their agents, servants or employees, pursuant to CPLR 3101(g). If none, so state under oath.

    4.  Pursuant to CPLR 3101(a), set forth, under oath, the name, address and telephone of each person claimed by you or any party you represent, and his, her or its agents, servants or employees, to be a **witness** to any of the following:

      a)  The occurrence(s) alleged in the complaint;

      b)  The fact and circumstances surrounding the occurrence(s) alleged in the complaint;

- 2 -

c)    Any acts, omissions or conditions which caused the occurrence(s) alleged in the complaint;

d)    The nature and duration of any such condition;

e)    Any notice given to any defendant or his, her or its agents, servants or employees of any such condition; and

f)    If none, so state under oath.

5.    Pursuant to CPLR 3103(d), set forth, under oath, the name, address and telephone number of each person you or the party you represent expect to call as an **expert witness** at trial and set forth in detail the subject matter on which each such expert is expected to testify, the substance of the facts and opinions on which such expert is expected to testify, the qualifications of each such expert witness and a summary of the grounds for each such expert's opinion as well as a copy of any written report of the expert.   In none, so state under oath.

6.    Any and all **photographs** in the possession, custody or control of you, any party you represent and said party's agents, insurer, servants or employees, of the following:

a)    The scene of the occurrence(s) set forth in the complaint;

b)    The vehicles and/or objects, if any involved in the occurrence(s) set forth in the complaint; and

c)    If none, so state under oath.

- 3 -

DELOVIN & FRANZBLAU LLP

7.    Any and all **reports of any physicians** who have and/or will examine the party represented by the undersigned at the behest of you, the party you represent and/or his, her or its agents, servants or employees, regarding any and all physical examinations of the party represented by the undersigned.  If none, so state under oath.  Provide HIPAA compliant authorizations to obtain the office notes, records and file of any examining physician or other health care provider.

8.    State whether or not the answering party received **prior notice** of the defective condition(s), if any, complained of in this action during a five (5) year period prior to and including the date of the accident.  If such notice was received, set forth the following:

a)    A copy of any written notice;

b)    The substance of any oral notice;

c)    The date(s) the above notice(s) was or were received by the answering party;

d)    The present location of any and all records regarding the above requested prior notice(s) presently maintained by the answering party in the regular course of business, the name of the person in charge thereof, and the precise identification thereof, including but not limited to file or claim numbers

- 4 -

thereof, sufficient for the purpose of subpoenaing said records at the time of trial;

     e)   The last known name and address of the person who received the above notice(s) on behalf of the answering defendant; and

     f)   The last known name and address of the person who provided the above notice(s) to the answering defendant.

9.   State whether or not another lawsuit and/or Workers' Compensation Claim and/or Social Security claim for disability arising out of the defective condition(s) complained of herein, if any, has been instituted against the answering defendant during a five (5) year period prior to and six month period subsequent to the date of the accident in this action. If so, set forth, the following:

     a)   The name and address of the complaining party;

     b)   The date of the incident complained of by that party;

     c)   The caption of the lawsuit, if any, together with the identity of the Court, index and calendar numbers;

     d)   The claim number assigned by the Workers' Compensation Board and/or Social Security Administration and/or insurance carrier involved; and

     e)   Furnish authorizations sufficient to obtain the records for the Workers' Compensation Board and/or Social Security

Administration and/or insurance carrier regarding the above prior complaint.

       a)    State whether or not the defendant is possessed of any records or incidents occurring, or complaints made, as a result of the conditions complained of herein for a period of five (5) years prior and six months subsequent to this occurrence.

    10.  State whether or not **repairs** of the defective conditions complained of in this action, if any, were performed and/or requested, assigned, authorized and/or contracted for by or on behalf of the answering party or any other during the two year period up to and including the date of the accident and one year subsequent thereto herein. If so, set forth the following:

       a)    The date said repairs were performed and/or requested, authorized, and/or assigned and/or contracted for;

       b)    The name and last known address of the party, person(s), group(s), corporation(s), entity and/or organizations(s) to or with whom said request, assignment, authorization and/or contract was made;

       c)    Set forth a copy of any written request, assignment, contract, authorization, permit, and/or work order obtained or made by or on behalf of the answering party in relation to the aforesaid repair(s);

BELOVIN & FRANZBLAU, LLP

d)    Set forth the substance of any oral request, assignment, contract, authorization, permit and/or work order obtained or made by or on behalf of the answering party in relation to the aforesaid repair(s) and set forth the names and addresses, employers and job titles of all persons present when same were obtained and/or made; and

e)    Set forth the name and address of the party, person(s), group(s), corporation(s), entity and/or organization(s) that performed the aforesaid repairs, if any.

11. Provide copies of any photographs, films, tapes, video tapes or any other material of the Plaintiff(s) obtained as a result of the Defendants, it's agents, servants or employees, surveillance of the plaintiff obtained at any times up to and including the time of trial herein.

12. a)    If this accident occurred on premises of defendant provide copies of all written rules, regulations, manuals and training material regarding maintenance, repair, inspection, cleaning, safety and assistance to personal injured on the premises.

b)    If this accident was a result of the use or operation of a motor vehicle or machinery, provide copies of any written rules, regulations, manual and training materials regarding

the use, operating, maintenance, repair, inspection or safety of said vehicle or machine.

**PLEASE TAKE NOTICE** that the undersigned demands, on behalf of the plaintiff(s), that pursuant to CPLR Sections 3101(d) and 3120, you produce at the undersigned's office for inspection and copying within twenty (20) days after the completion of your deposition of the plaintiff(s), any and all surveillance materials, including but not limited to films, video-tapes or photographs, depicting or alleging to depict, the plaintiff(s), which you intend to use upon the trial of this action, now in your possession, custody or control, or in the possession, custody or control of any party you represent in this action. This is a continuing demand. Should any such surveillance material come into your possession, custody or control, or into the possession, custody or control of any party you represent in this action, after the date of this demand, demand is hereby made that you produce such surveillance material at the undersigned's office for inspection and copying on the aforesaid date or within twenty (20) days after you, or said party, obtain possession, custody or control of same, whichever is later.

**PLEASE TAKE NOTICE** that the foregoing demands are continuing in nature. If the items requested herein are not in the possession, custody or control of you or the party you represent at the time this notice is received, same should be provided to the

- 8 -

undersigned at such time as it comes under your possession, custody or control.  Failure to comply with this notice in a timely fashion will result in a motion for appropriate relief.

Dated:  Bronx, New York
        April 22, 2008

                              Yours, etc.,

                              _____
                              Mitchell Franzblau, Esq.
                              **BELOVIN & FRANZBLAU, LLP**
                              Attorneys for Plaintiff(s)
                              Office & P. O. Address
                              2311 White Plains Road
                              Bronx, New York 10467-8106
                              (718) 655-2900

TO:    LAW OFFICE OF JOHN P. HUMPHREYS
       Attorneys for Defendant(s)
       485 Lexington Avenue, 7th Floor
       New York, NY 10017
       (917) 778-6600

- 9 -

BELOVIN & FRANZBLAU, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
NOEMI MARTE,

                  Plaintiff(s),

          -against-

BRIAN KEITH MOREHART and LUCAS TRUCKING
CORP.,

               Defendant(s).
------------------------------------------X

**DEMAND FOR A**
**VERIFIED BILL**
**OF PARTICULARS**

Index No: 30171-07

S I R S :

    **PLEASE TAKE NOTICE** that pursuant to Civil Practice Law and Rules, demand is hereby made that you serve upon the undersigned, within 10 days, a verified bill of particulars setting forth the following:

    1.    Each and every act of commission or omission on the part of the plaintiff which the defendants allege contributed to the injuries sustained by the plaintiff.

    2.    The acts or conduct on the part of the plaintiff which defendants claim wholly caused plaintiff's injuries.

    3.    The acts or conduct on the part of the plaintiff which defendants claim wholly caused plaintiff's injuries if not in whole then in part by the culpable conduct of the plaintiff.

    4.    A statement of each and every act on the part of plaintiff, each and every omission to act on the part of plaintiff,

and each and every risk assumed by plaintiff, and each and every act constituting plaintiff's alleged culpable conduct, which you contend were the cause of plaintiff's injuries and loss of wages.

5.   A statement of each and every act constituting due care on the part of plaintiff which it is alleged plaintiff was required to use for plaintiff's own safety, and in what respects the alleged failure caused or contributed to these injuries and damages.

6.   If an automobile accident, each and every fact forming the basis of defendants claim that plaintiff failed to use available seat belts and that same caused or increased plaintiff's injuries.

7.   If an automobile accident, each and every fact forming the basis of defendant's claim that plaintiff's injuries are not serious or plaintiff has not incurred economic loss greater than basic economic loss as those terms are defined by the Insurance Law.

8.   If an automobile accident, each and every fact forming the basis of defendants' claim that plaintiff's sole remedy is limited to "no-fault" benefits.

9.   If defendant claims entitlement to the benefits of Article 16, CPLR, set forth the exact subsection under which defendant relies and the sum and substance of all facts relating to this defense.

BELOVIN & FRANZBLAU, LLP

**PLEASE TAKE NOTICE** that unless you comply with this demand within ten days, a motion will be made to precluded the defendant from presenting any evidence at the trial of this action as to any of the items for which a Verified Bill of Particulars has been demanded and has not been complied with, with costs.

Dated:     Bronx, New York
           April 22, 2008

                              Yours, etc.

                              Mitchell Franzblau, Esq.
                              **BELOVIN & FRANZBLAU, LLP**
                              Attorneys for Plaintiff(s)
                              2311 White Plains Road
                              Bronx, New York 10467-8106
                              (718) 655-2900

TO:   LAW OFFICE OF JOHN P. HUMPHREYS
      Attorneys for Defendant(s)
      485 Lexington Avenue, 7th Floor
      New York, NY 10017
      (917) 778-6600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
**NOEMI MARTE,**                                                Index No: 30171-2007

                              Plaintiff(s),              **NOTICE FOR PHYSICAL
                                                         EXAMINATION AND**
                 -against-                               **EXCHANGE OF MEDICAL
                                                         INFORMATION**
**BRIAN KEITH MOREHART and LUCAS TRUCKING
CORP.,**

                              Defendant(s).
------------------------------------------X


   **SIR(S):   PLEASE   TAKE   NOTICE** that pursuant to the Rules
governing physical examinations and exchange of medical
information, the plaintiff(s) in the within action desires the
defendant(s) hold a physical examination of the plaintiff(s).

   That such examination will be held at the offices of the
undersigned: **BELOVIN & FRANZBLAU**, 2311 White Plains Road, Bronx,
New York 10467-8106, on May 21, 2008, at 2:00 o'clock in the
afternoon.

   Annexed hereto are duly executed and acknowledged written
authorizations permitting the defendant(s) to obtain and make
copies of all hospital records and such other records including x-
rays and technician's reports as may be referred to an identified
in the statement of the plaintiff(s) physicians.

   **PLEASE TAKE FURTHER NOTICE** that the undersigned will, within
20 days before the date set for examination, serve upon all parties

in the within action copies of all medical reports, including x-rays and technical reports of all physicians who have previously treated or examined the plaintiff(s).

**PLEASE TAKE FURTHER NOTICE** that you are required, within five (5) days after the receipt of this notice, to submit to the undersigned the name and address of the physician who will conduct such physical examination on behalf of the defendant(s).

Dated:    Bronx, New York
          April 22, 2008

Yours, etc.,

Mitchell Franzblau, Esq.
**BELOVIN & FRANZBLAU, LLP**
Attorneys for Plaintiff(s)
Office & P. O. Address
2311 White Plains Road
Bronx, New York 10467-8106
(718) 655-2900

TO:    LAW OFFICE OF JOHN P. HUMPHREYS
       Attorneys for Defendant(s)
       485 Lexington Avenue, 7th Floor
       New York, NY 10017
       (917) 778-6600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X

NOEMI MARTE,                                    Index No: 30171-07

                          Plaintiff(s),         **NOTICE TO TAKE**
                                                **DEPOSITION UPON**
              -against-                         **ORAL EXAMINATION**

BRIAN KEITH MOREHART and LUCAS TRUCKING
CORP.,

                          Defendant(s).
------------------------------------------X

S I R S :

     **PLEASE TAKE NOTICE** that pursuant to Article 31 of the Civil
Practice Law and Rules the testimony, upon oral examination, **ALL
PARTIES**, will be taken before a **Notary Public**, who is not an
attorney, or employee of an attorney, for any party or
prospective party herein and is not a person who would be
disqualified to act as a juror because of interest or because of
consanguinity or affinity to any party herein, at the office of:
**BELOVIN & FRANZBLAU, LLP, 2311 White Plains Road, Bronx, New York
10467**, on the 21st day of May, 2008 at 10:00 A.M. with respect to
evidence material and necessary in the-prosecution-of this
action:

     That said person or persons to be examined is (are) required
to produce at such examination, the following:

     ALL RECORDS, REPORTS, PAPERS, DOCUMENTS, BOOKS AND
     MEMORANDUM WITH RELEVANCE TO THE ABOVE ENTITLED ACTION

Dated:  Bronx, New York
        April 22, 2008

                              Yours, etc.,

                              Mitchell Franzblau, Esq.
                              **BELOVIN & FRANZBLAU, LLP**
                              Attorneys for Plaintiff(s)
                              Office & P. O. Address
                              2311 White Plains Road
                              Bronx, New York 10467-8106
                              (718) 655-2900

TO:  LAW OFFICE OF JOHN P. HUMPHREYS
     Attorneys for Defendant(s)
     485 Lexington Avenue, 7th Floor
     New York, NY 10017
     (917) 778-6600

DIARIED

LAW OFFICE OF-
JOHN P. HUMPHREYS
APR 28 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
NOEMI MARTE,

Index No.: 301710/07

                         Plaintiff,

**CERTIFICATION**

      -against-

BRIAN KEITH HEREHART and LUCAS TRUCKING
CORP.,

                         Defendants.

-----------------------------------------------------------------------X

C O U N S E L O R:

      Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the

Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the

contentions contained in the annexed document are not frivolous.

- Demand Pursuant to CPLR § 3017 (c)
- Verified Answer
- Demand for a Bill of Particulars
- Combined Demands
- Notice For Examination Before Trial

Dated: New York, New York
      March 28, 2008

                    LAW OFFICE OF JOHN P. HUMPHREYS

                    BY: FREDERICK D SCHMIDT JR
                    Attorneys for Defendant
                    **BRIAN KEITH MOREHART i/s/h/a**
                    **BRIAN KEITH HEREHART and**
                    **LUCAS TRUCKING CORP.**
                    485 Lexington Avenue, 7th Floor
                    New York, NY  10017
                    (917) 778-6600
                    Matter No.:  0910279

TO:

Mitchell Franzblau, Esq.
BELOVIN & FRANZBLAU, LLP
Attorneys for Plaintiff
2311 White Plains Road
Bronx, New York 10467
(718) 655-2900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------------X

NOEMI MARTE,

                          Plaintiff,

          -against-

BRIAN KEITH HEREHART and LUCAS TRUCKING
CORP.,

                          Defendants.
--------------------------------------------------------------------------X

Index No.: 301710/07

**DEMAND PURSUANT
TO CPLR 3017(c)**

C O U N S E L O R S :

        Pursuant to CPLR §3017(c) within fifteen (15) days from the date of service of this

request, you are hereby required to set forth the total damages to which plaintiffs deems

themselves entitled and list same separately for each cause of action.

Dated: New York, New York
       March 28, 2008

                               Yours, etc.

                               LAW OFFICE OF JOHN P. HUMPHREYS
                               BY: FREDERICK D SCHMIDT JR
                               Attorneys for Defendant
                               **BRIAN KEITH MOREHART i/s/h/a
                               BRIAN KEITH HEREHART and
                               LUCAS TRUCKING CORP.**
                               485 Lexington Avenue, 7th Floor
                               New York, NY  10017
                               (917) 778-6600
                               Matter No.:  0910279

TO:
Mitchell Franzblau, Esq.
BELOVIN & FRANZBLAU, LLP
Attorneys for Plaintiff
2311 White Plains Road
Bronx, New York 10467
(718) 655-2900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X
NOEMI MARTE,

Index No.: 301710/07

                        Plaintiff,

**VERIFIED ANSWER**

       -against-

BRIAN KEITH HEREHART and LUCAS TRUCKING
CORP.,

                        Defendants.
-------------------------------------------------------------------------X

C O U N S E L O R S :

      The defendants, BRIAN KEITH MOREHART i/s/h/a BRIAN KEITH HEREHART

and LUCAS TRUCKING CORP., answering the verified Complaint of the plaintiffs, allege upon

information and belief, the following:

      **FIRST:**     Denies any knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraphs of the verified complaint designated

**"1", "4", "6" and "7"**.

      **SECOND:**  Denies each and every allegation contained in the paragraph of the

verified complaint designated **"8", "9", "11", "12" and "13"**.

      **THIRD:**    Denies each and every allegation contained in the paragraph of the

verified complaint designated **"10"**, and respectfully refers all questions of law to this Honorable

Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

      That the plaintiffs alleged damages representing the cost of medical care, dental care,

custodial care or rehabilitation services, loss of earnings or other economic loss were or will,

with reasonable certainty, be replaced or indemnified, in whole or in part, by or from a collateral source and this Court shall, pursuant to CPLR Section 4545(c), reduce the amount of such alleged damages by the amount such damages were or will be replaced or indemnified by such collateral source.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This party's responsibility for non-economic loss, if any, which is expressly denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and, thus, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The injuries and damages allegedly sustained by plaintiff were caused in whole or in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a result of which the claim of plaintiff is therefore barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted as to this party.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Upon information and belief plaintiff failed to mitigate damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by the culpable conduct of parties other than the answering defendant and over when defendant had no control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

That if it is determined that plaintiff failed to use available seatbelts, defendant hereby pleads such fact in mitigation of damages.

## AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

That plaintiff's own actions were the sole proximate cause of any claimed injuries sustained by plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

That this action is barred by reason of the fact that plaintiff did not sustained a "serious injury" as defined in Section 5102 of the Insurance Law and, thus, has no right of recovery under Sec. 5104 of the Insurance Law.

WHEREFORE, defendants, demand judgment dismissing the Verified Complaint together with the costs and disbursements of this action.

Dated: New York, New York
   March 28, 2008

         Yours, etc.

         LAW OFFICE OF JOHN P. HUMPHREYS
         BY: FREDERICK D SCHMIDT JR
         Attorneys for Defendant
         **BRIAN KEITH MOREHART i/s/h/a**
         **BRIAN KEITH HEREHART and**
         **LUCAS TRUCKING CORP.**
         485 Lexington Avenue, 7th Floor
         New York, NY 10017
         (917) 778-6600
         Matter No.:  0910279

TO:
Mitchell Franzblau, Esq.
BELOVIN & FRANZBLAU, LLP
Attorneys for Plaintiff
2311 White Plains Road
Bronx, New York 10467
(718) 655-2900

### *ATTORNEY VERIFICATION*

FREDERICK D SCHMIDT JR, affirms as follows:

I am an attorney at law admitted to practice in the Courts of the State of New York, and am associated with the LAW OFFICE OF JOHN P. HUMPHREYS, attorneys for defendants BRIAN KEITH MOREHART i/s/h/a BRIAN KEITH HEREHART and LUCAS TRUCKING CORP. in the within action, and as such, I am fully familiar with all the facts and circumstances therein.

That the foregoing Verified Answer is true to the knowledge of affirmant, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters affirmant believes it to be true.

Affirmant further states that the reason that this verification is made by affirmant and not by defendants is that the defendants are not within the County of New York where affirmant maintains his office.

Affirmant further states that the sources of his knowledge and information are reports of investigations, conversations, writings, memoranda, and other data concerning the subject matter of the litigation.

The undersigned attorney affirms that the foregoing statements are true, under the penalties of perjury pursuant to Rule 2106 of the CPLR.

Dated: New York, New York
      March 28, 2008

_____
FREDERICK D SCHMIDT JR

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
NOEMI MARTE,

                                                            Index No.: 301710/07
                              Plaintiff,

                                                            **DEMAND FOR A**
               -against-                                    **VERIFIED BILL**
                                                            **OF PARTICULARS**

BRIAN KEITH HEREHART and LUCAS TRUCKING
CORP.,

                              Defendants.
-----------------------------------------------------------------------X

C O U N S E L O R:

        *PLEASE TAKE NOTICE* that this answering party, represented by the Law Office of

JOHN P. HUMPHREYS, the undersigned attorneys, requires that you serve upon said attorneys

within thirty (30) days after service upon you of a copy of this demand, a Verified Bill of

Particulars, setting forth the following:

        1.      State the date, time of day, and weather and road conditions of the occurrence
alleged in the Complaint.

        2.      The location of the alleged occurrence in sufficient detail to permit ready
identification, including but not limited to:

               (a)     The name of the street or road upon which the
                       alleged accident occurred;

               (b)     Indicate the nearest intersecting road and the
                       distance therefrom; and

               (c)     Specifying the exact place of the occurrence
                       with respect to the center of the road, the
                       center of the intersection, or other clear
                       reference point.

        3.      Set forth the name and address of the owner and operator of each vehicle involved
in the occurrence.

4.      Set forth the year, make, model and license plate number (indicating state and year) of each vehicle allegedly involved in the occurrence.

5.      State the direction each vehicle allegedly involved in this occurrence was heading just before the occurrence; state the location where each vehicle allegedly involved in this occurrence came to rest immediately after the occurrence.

6.      State all traffic controls plaintiff will claim existed at the scene of the occurrence; state what traffic controls it will be claimed defendant violated.

7.      Set forth factually and specifically in what way it is claimed this party was negligent, indicating each and every particular act or omission constituting this party's alleged negligence.

8.      Set forth each and every injury and/or condition allegedly sustained by each plaintiff as a result of the said occurrence indicating:

        (a)    its nature, extent, location and duration;

        (b)    a complete description of any injury and/or condition claimed to be residual or permanent; and

        (c)    the name and address of each physician or other medical practitioner treating or examining plaintiff; the date of each visit; and whether treatment has ceased or is continuing.

9.      Give the length of time and specific dates it is claimed that each plaintiff was confined, by reason of the alleged injuries:

        (a) to bed; (b) to house; and (c) if treated at or confined to a hospital or other medical facility, state the name and address thereof, and the dates of admission and discharge.

10.     State with respect to each plaintiff:

        (a)    Plaintiff's place and date of birth, all other names by which each plaintiff has ever been known, and social security number. If plaintiff is a married woman, state maiden name.

(b) Plaintiff's occupation at the time of the occurrence, with a description of plaintiff's duties;

(c) The name and address of plaintiff's employer at the time of the alleged occurrence.

(d) The daily or weekly earnings (gross and net) at the time of the occurrence.

(e) If plaintiff was self-employed, set forth the business name and address of plaintiff and the annual income (gross and net) of plaintiff from said business.

(f) Whether plaintiff was incapacitated from said employment; if so, the length of time including the specific dates that plaintiff was allegedly incapacitated from attending to said employment.

(g) If plaintiff was a student, the name and address of the school attended and the dates, if any when plaintiff was absent from school.

11.    Set forth the total amounts claimed to have been spent or incurred by or on behalf of each plaintiff (setting forth the name of each provider of services along with the amount of the bill and dates of treatment or consultation) for:

(a) hospital, clinic or other medical institutions expenses;

(b) x-rays;

(c) physician and other health provider services;

(d) nurses' services;

(e) medical supplies;

(f) loss of earnings and the basis of computation thereof; and

(g) amount and nature (describing in detail of any other special damages claimed).

12.    State in what respect each plaintiff has sustained a serious injury as defined in Article 51 of the Insurance Law of the State of New York and/or economic loss greater than basic economic loss as defined in Section 5102 of the Insurance Law of the State of New York.

13.    Pursuant to CPLR 3118 demand is hereby made that you furnish the undersigned with a verified statement setting forth the office address and residence of each plaintiff indicating the street and number, City and State.

14.    Set forth the title, chapter and section of every statute, ordinance, regulation and rule which plaintiff claims to be either applicable to the occurrence or to have been violated by defendant.

*PLEASE TAKE FURTHER NOTICE*, that in the event you have no knowledge of any or all of the above, same shall be so stated.

*PLEASE TAKE FURTHER NOTICE*, that these are continuing demands and supplemental responses up to the time the case is placed on the trial calendar are required.

*PLEASE TAKE FURTHER NOTICE*, that in the event of your failure to furnish such a Bill of Particulars within the said period of thirty (30) days, a motion will be made for an order precluding you from giving any evidence at the trial of the above items for which particulars have not been delivered in accordance with said demand.

Dated: New York, New York
      March 28, 2008

                    Yours, etc.

                    LAW OFFICE OF JOHN P. HUMPHREYS
                    BY: FREDERICK D SCHMIDT JR
                    Attorneys for Defendant
                    **BRIAN KEITH MOREHART i/s/h/a**
                    **BRIAN KEITH HEREHART and**
                    **LUCAS TRUCKING CORP.**
                    485 Lexington Avenue, 7th Floor
                    New York, NY  10017
                    (917) 778-6600
                    Matter No.:  0910279

TO:
Mitchell Franzblau, Esq.
BELOVIN & FRANZBLAU, LLP
Attorneys for Plaintiff
2311 White Plains Road
Bronx, New York 10467
(718) 655-2900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
NOEMI MARTE,

                                Index No.: 301710/07

                 Plaintiff,

                              **COMBINED DEMANDS**

      -against-

BRIAN KEITH HEREHART and LUCAS TRUCKING
CORP.,

                         Defendants.
------------------------------------------------------------------------X

C O U N S E L O R S:

    ***PLEASE TAKE NOTICE,*** that the undersigned hereby makes the following demands

upon you, returnable at the office of the undersigned on the 29th day of April, 2008.

        1.    Demand for the Names and Addresses of all Witnesses;

        2.    Demand for Expert Information;

        3.    Demand for the Discovery and Inspection of any Statement by or on
              behalf of a Party Represented by the Undersigned;

        4.    Notice of Discovery and Inspection for Medical Information and
              Authorizations;

        5.    Notice of Discovery and Inspection of Photographs;

        6.    Notices of any liens and listings of all bills for medical providers
              submitted to Medicare/Medicaid; and

        7.    Demand for Income Tax Returns.

        8.    Demand for Collateral Source.

    That, in lieu of the foregoing, you may submit readable photocopies of the aforesaid
documents by mailing them to the Law Office of JOHN P. HUMPHREYS, 485 Lexington
Avenue, 7th Floor, New York, N.Y. 10017, on or before the date the documents are to be
produced.

### *DEMAND FOR THE NAMES AND ADDRESS OF WITNESSES*

**PLEASE TAKE FURTHER NOTICE,** that the undersigned hereby demands, pursuant to CPLR 3101(a), that you set forth in writing and under oath, the name and address of each person claimed by any party you represent, to be a witness to any of the following;

(a)     The occurrence alleged in the Complaint; or

(b)     Any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint; or

(c)     Any actual notice allegedly given to defendant or any servant, agent or employee of defendant of any condition which allegedly caused the occurrence alleged in the Complaint; or

(d)     The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the Complaint.

If no such witnesses are known to you, so state in the sworn reply to this Demand. The undersigned will object upon trial to the testimony of any witnesses not so identified.

### *DEMAND FOR EXPERT INFORMATION*

**PLEASE TAKE FURTHER NOTICE,** that the undersigned hereby demands, pursuant to CPLR Section 3101(d), that you set forth, in writing and under oath, the following information for each party you represent, after each expert is retained and prior to filing a Note of Issue:

(a)     The name and business affiliation of each expert witness each party will call to testify at trial or whose opinion will be relied upon by any witness testifying at trial and the qualifications of each such expert in the field in which he will be offered to testify.

(b)     The substance of the facts and opinions on which each expert is expected to testify.

(c)     Each factual basis for said expert's opinion.

(d)     The dates of all oral and written reports provided by each expert.

If no such witnesses are known to you, so state in the sworn reply to this Demand. The undersigned will object upon trial to the testimony of any witness not so identified.

### *DEMAND FOR THE DISCOVERY AND INSPECTION*
### *OF ANY STATEMENT BY OR ON BEHALF OF A*
### *PARTY REPRESENTED BY THE UNDERSIGNED*

*PLEASE TAKE FURTHER NOTICE,* that the undersigned demands, on behalf of the party it represents in this action, that pursuant to CPLR 3101(e) and 3120, you produce at the time and place herein specified, and permit the undersigned to discover, inspect and copy each and every statement made by or taken from such party and its agents, servants or employees now in your possession, custody or control or in the possession, custody or control of any party you represent in this action, if such statement in any manner bears on the issues in this action.

### *NOTICE FOR DISCOVERY AND INSPECTION*
### *FOR MEDICAL INFORMATION, ETC.*

*PLEASE TAKE FURTHER NOTICE,* that pursuant Section 164.508 of the Federally mandated Health Insurance Portability and Accountability Act of 1996, (HIPAA), which became effective on April 14, 2003, all authorizations must be HIPAA compliant.

We hereby demand that you produce any and all HIPAA compliant authorizations (**form provided**) in addition to the authorizations demanded below.

*PLEASE TAKE FURTHER NOTICE,* that pursuant to Section 3101, et seq. (including Rule 3120) of the Civil Practice Law and Rules, you are required to produce and allow discovery to be made by this answering party of the following:

(a)     Copies of the medical reports of those physicians or other health providers who have previously treated, consulted or examined the party seeking recovery and who will testify in its behalf for any condition caused by or exacerbated by the occurrence alleged in the complaint. These shall include but not be limited to a detailed recital of the injuries and conditions as to which testimony will be offered at the trial of this action referring to and identifying those x-ray and technicians' reports which shall be offered at the trial of this action and the date of each such treatment, consultation and examination.

(b)     Duly executed and acknowledged written authorizations permitting this party to obtain and make copies of all hospital or other health care facility records including x-rays and technicians' reports as may be referred to and identified in the reports of that party's physicians and other health care providers.

(c)     Any and all other medical data (including CAT scans, MRI's, EEG's, EKG's, and other diagnostic tests) not hereinabove specifically referred to upon which you will rely upon or offer for consideration in the proceeding.

(d)     Any and all bills, invoices or receipts for treatment, medicines or appliances given for injuries or other physical conditions resulting from the occurrence referred to in the Complaint.

(e)     Fully executed and acknowledged written authorizations to obtain and copy No-Fault medical and wage records of each plaintiff from the date of the occurrence alleged in the Complaint to present setting forth the name, address, claim number and policy number for each company to which a claim has been made.

(f)     Fully executed and acknowledged written authorizations to obtain and copy Worker's Compensation records of each plaintiff from the date of the occurrence alleged in the complaint to present setting forth the name, address, claim number and policy number for each company to which a claim has been made.

(g)     Fully executed and acknowledged written authorizations to obtain records of disability benefits pursuant to Social Security Laws of each plaintiff from the date of the occurrence alleged in the Complaint to present setting forth the name, address, claim number and policy number for each company to which a claim has been made.

### *DEMAND FOR DISCOVERY AND INSPECTION OF PHOTOGRAPHS*

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned demands on behalf of the party it represents in this action, that pursuant to Section 3101 et seq., you produce at the time and place herein specified and permit the undersigned to discover, inspect and copy any and all photographs taken of the alleged scene or place of the occurrence and/or vehicles involved and complained of which are now in your possession, custody and control, or in the possession, custody and control of any party you represent in this action, if such photograph in any manner bears upon the issues in this action.

### *DEMAND FOR NOTICES OF ANY LIENS AND LISTINGS OF ALL*
### *BILLS FOR MEDICAL PROVIDERS SUBMITTED TO MEDICARE/MEDICAID*

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned hereby demands, pursuant to CPLR Section 3101(a), that you set forth in writing and under oath, the following information for each party you represent, and prior to filing a Note of Issue, the following collateral source providers/potential lien holders:

(a)     Medicare/Medicaid;

(b)     Workers Compensation;

(c)     Health Insurance;

(d)    Disability; and

(e)    Health Care Provider.

### *DEMAND FOR INCOME TAX RETURNS*

*PLEASE TAKE FURTHER NOTICE,* that the undersigned demands on behalf of the party it represents in this action that you produce at the time and place herein specified and permit the undersigned to discover, inspect and copy the complete Income Tax returns for each party who is claiming or has claimed reimbursement for lost income due to the occurrence alleged in the Complaint for a three (3) year period preceding the date of the occurrence as alleged in the complaint.  If said complete returns are not available, the undersigned is to be furnished with full and complete authorizations to obtain same in a form accepted by the United States Department of Internal Revenue.

*PLEASE TAKE FURTHER NOTICE,* that all of the foregoing are continuing demands and that if any of the above items are obtained after the date of this Demand, they are to be furnished to the attorney for this party, pursuant to these demands.

### *DEMAND FOR COLLATERAL SOURCE*

*PLEASE TAKE NOTICE,* that defendant requires that plaintiff produce for discovery, inspection and copying to undersigned counsel the following:

(a)    Any and all books, records, bills, insurance applications, insurance receipts, cancelled checks, copies of checks and any and all other records pertaining to collateral source reimbursement received by plaintiff or on behalf of plaintiff for the special damages alleged in the instant claim including, but not limited to, records of any person, institution, facility or government agency which has provided or will provide any reimbursement.

*PLEASE TAKE FURTHER NOTICE,* that in the event any of the requested documents and/or items do not exist, a verified statement to that effect is to be served on the undersigned on or before the aforesaid return date.

*PLEASE TAKE FURTHER NOTICE,* that this is a continuing demand notice and in the event any of the requested documents and/or items are obtained after the aforesaid return date, same are to be furnished to the undersigned within thirty (30) days after receipt.

**PLEASE TAKE FURTHER NOTICE**, that upon the failure to produce the requested

documents and/or items on the date and at the time and place demanded, a Motion will be made

for the appropriate relief.

Dated: New York, New York
      March 28, 2008

                                        Yours, etc.

                                        LAW OFFICE OF JOHN P. HUMPHREYS
                                        BY: FREDERICK D SCHMIDT JR
                                        Attorneys for Defendant
                                        **BRIAN KEITH MOREHART i/s/h/a**
                                        **BRIAN KEITH HEREHART and**
                                        **LUCAS TRUCKING CORP.**
                                        485 Lexington Avenue, 7th Floor
                                        New York, NY  10017
                                        (917) 778-6600
                                        Matter No.:  0910279

TO:
Mitchell Franzblau, Esq.
BELOVIN & FRANZBLAU, LLP
Attorneys for Plaintiff
2311 White Plains Road
Bronx, New York 10467
(718) 655-2900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X
NOEMI MARTE,

Index No.: 301710/07

                        Plaintiff,

              -against-

**NOTICE OF
EXAMINATION
BEFORE TRIAL**

BRIAN KEITH HEREHART and LUCAS TRUCKING
CORP.,

                        Defendants.
-------------------------------------------------------------------------X

C O U N S E L O R S :

    *PLEASE TAKE NOTICE*, that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony upon oral examination of all adverse parties will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein at time and place stated below:

              TO BE DEPOSED:  All parties
              LOCATION:  To be determined

    On the 29th day of September, 2008, at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the defense of this action.

    That the said person to be examined is required to produce at such examination all papers, records and other data pertaining to this matter.

Dated: New York, New York
      March 28, 2008

                        Yours, etc.

                        LAW OFFICE OF JOHN P. HUMPHREYS
                        BY: FREDERICK D SCHMIDT JR
                        Attorneys for Defendant
                        **BRIAN KEITH MOREHART i/s/h/a
                        BRIAN KEITH HEREHART and
                        LUCAS TRUCKING CORP.**
                        485 Lexington Avenue, 7th Floor
                        New York, NY  10017
                        (917) 778-6600
                        Matter No.:  0910279

TO:
Mitchell Franzblau, Esq.
BELOVIN & FRANZBLAU, LLP
Attorneys for Plaintiff
2311 White Plains Road
Bronx, New York 10467
(718) 655-2900

STATE OF NEW YORK                          **AFFIDAVIT OF SERVICE**
COUNTY OF NEW YORK                              **BY MAIL**


MERRIS GORDON, being duly sworn, deposed and says that deponent is a secretary of the
LAW OFFICE OF JOHN P. HUMPHREYS, attorneys for one of the parties herein; is over 18
years of age; is not a party to the action. The deponent served the papers noted below by regular
mail, the same securely enclosed in the postage paid wrapper in the Letter Box maintained and
exclusively controlled by the United States Postal Service at 485 Lexington Avenue, New York,
New York 10017; directed to the said attorney(s) at the address indicated below; that being the
address within the state designated by said attorney(s) for that purpose, or the place where said
attorneys(s) then kept an office, between which places there then was and now is a regular
communication by mail as follows:

**Date mailed:**          March 28, 2008

**Re:**                   **NOEMI MARTE vs. BRIAN KEITH HEREHART, et al**

**Papers Served:**        **CERTIFICATION, DEMAND PURSUANT TO CPLR §3017(c),
                          VERIFIED ANSWER, DEMAND FOR A VERIFIED BILL OF
                          PARTICULARS, COMBINED DEMANDS, AND NOTICE FOR
                          EXAMINATION BEFORE TRIAL**

**Served Upon:**

Mitchell Franzblau, Esq.
BELOVIN & FRANZBLAU, LLP
Attorneys for Plaintiff
2311 White Plains Road
Bronx, New York 10467
(718) 655-2900

                                                    MERRIS GORDON

Sworn to before me this
28th day of March, 2008

Notary Public


LAMBERTO Q. SESE
Notary Public, State of New York
No. 01SE6080713
Qualified in New York County
Commission Expires September 23, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

NOEMI MARTE,
                          Plaintiff,

-against-

BRIAN KEITH MOREHART and LUCAS TRUCKING
CORP.,

                          Defendants.
-------------------------------------------------------------------X

Index No.: 301710/07

VERIFIED ANSWER
TO AMENDED
VERIFIED COMPLAINT

C O U N S E L O R S :

    The defendants, BRIAN KEITH MOREHART and LUCAS TRUCKING CORP., answering the verified Complaint of the plaintiffs, allege upon information and belief, the following:

    1.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the verified complaint designated "1", "6", "7" and "13".

    2.    Denies each and every allegation contained in the paragraph of the verified complaint designated "8", "9", "10", "11" and "12".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

    3.    That the plaintiff's alleged damages representing the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss were or will, with reasonable certainty, be replaced or indemnified, in whole or in part, by or from a collateral source and this Court shall, pursuant to CPLR Section 4545(c), reduce the amount of such alleged damages by the amount such damages were or will be replaced or indemnified by such collateral source.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4.     This party's responsibility for non-economic loss, if any, which is expressly denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and, thus, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5.     The injuries and damages allegedly sustained by plaintiff were caused in whole or in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a result of which the claim of plaintiff is therefore barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6.     The Complaint fails to state a cause of action upon which relief can be granted as to this party.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7.     Upon information and belief plaintiff failed to mitigate damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8.     Plaintiff's injuries, if any, were caused by the culpable conduct of parties other than the answering defendant and over when defendant had no control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

9.    That if it is determined that plaintiff failed to use available seatbelts, defendant hereby pleads such fact in mitigation of damages.

## AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

10.    That plaintiff's own actions were the sole proximate cause of any claimed injuries sustained by plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

11.    That this action is barred by reason of the fact that plaintiff did not sustained a "serious injury" as defined in Section 5102 of the Insurance Law and, thus, has no right of recovery under Sec. 5104 of the Insurance Law.

WHEREFORE, defendants, demand judgment dismissing the Verified Complaint together with the costs and disbursements of this action.

Dated: New York, New York
       May 7, 2008

LAW OFFICE OF JOHN P. HUMPHREYS

BY: FREDERICK D. SCHMIDT JR.
Attorneys for Defendants
BRIAN KEITH MOREHART and
LUCAS TRUCKING CORP.
485 Lexington Avenue, 7th Floor
New York, NY  10017
(917) 778-6600
Matter No.:  0910279

TO:

Mitchell Franzblau, Esq.
BELOVIN & FRANZBLAU, LLP
Attorneys for Plaintiff
2311 White Plains Road
Bronx, New York 10467
(718) 655-2900

### ATTORNEY VERIFICATION

FREDERICK D SCHMIDT JR, affirms as follows:

I am an attorney at law admitted to practice in the Courts of the State of New York, and am associated with the LAW OFFICE OF JOHN P. HUMPHREYS, attorneys for defendants BRIAN KEITH MOREHART and LUCAS TRUCKING CORP. in the within action, and as such, I am fully familiar with all the facts and circumstances therein.

That the foregoing Verified Answer is true to the knowledge of affirmant, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters affirmant believes it to be true.

Affirmant further states that the reason that this verification is made by affirmant and not by defendants is that the defendants are not within the County of New York where affirmant maintains his office.

Affirmant further states that the sources of his knowledge and information are reports of investigations, conversations, writings, memoranda, and other data concerning the subject matter of the litigation.

The undersigned attorney affirms that the foregoing statements are true, under the penalties of perjury pursuant to Rule 2106 of the CPLR.

Dated: New York, New York
      May 6, 2008

 

_____
FREDERICK D SCHMIDT JR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Index No. :

NOEMI MARTE,

                                                      Plaintiff(s),

                              -against-

BRIAN KEITH MOREHART and LUCAS TRUCKING CORP.,

                                                      Defendant(s).

### PETITION FOR REMOVAL

## Law Office of
## JOHN P. HUMPHREYS

Attorneys for Defendants

### BRIAN KEITH MOREHART
### AND LUCAS TRUCKING CORP.

Office & P.O. Address
**485 Lexington Avenue – 7th Floor**
**New York, New York 10017**

Tel. No.: (917) 778-6600
Fax No.: (917) 778-7020
          (917) 778-7022

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: _____          Signature: _____

                                         Print Signer's Names: _____

Service of a copy of the within                          is hereby admitted.

Dated:                                   _____
                                         Attorney(s) for

**NOTICE OF ENTRY:**

          **PLEASE TAKE NOTICE** that the within is a true copy of an order entered in office of the Clerk of the above Court on the ____ day of _____ 20  .

**NOTICE OF SETTLEMENT:**

          **PLEASE TAKE NOTICE** that the within proposed order will be presented for settlement and entry at the Courthouse on the ____ day of _____ 20  , at 10:00 a.m. at the office of the Clerk of the Part of this Court where the within described motion was heard.

Dated:                                   Law Office of
     New York, New York                  **JOHN P. HUMPHREYS**
                                         Attorneys for Defendant(s)
                                         As Designated Above